NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JEFFREY WISE,<br><br>    Petitioner,<br><br>v.<br><br>CHARLES WARREN, et al.,<br><br>    Respondents. | Civil Action No. 17-0059 (CCC)<br><br>**MEMORADUM OPINION** |

This matter has come before the Court on a Petition for Writ of Habeas Corpus by Petitioner Jeffrey Wise pursuant to 28 U.S.C. § 2254 (the "Petition"). (ECF No. 1.) Petitioner has declared that the Petition sets forth all grounds for relief and is his one, all-inclusive habeas petition. The Court has screened the Petition for summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, and finds that the Petition is time-barred.

This is not the first habeas petition filed by Petitioner. He originally filed a habeas petition in this district in *Wise v. Warren*, No. 12-3162 (D.N.J. filed May 29, 2012) ("Prior Dkt."). That court advised Petitioner of his rights pursuant to *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000), and directed him to inform the court whether he wished to proceed or withdraw his petition. (Prior Dkt., ECF No. 2.) Petitioner responded by choosing to withdraw the petition, stating that he had "an unresolved sentencing issue that [he] need[ed] to address in state court." (Prior Dkt., ECF No. 4.) The court granted Petitioner's request to withdraw the petition, and in an order filed on July 9, 2013, deemed the matter withdrawn. (Prior Dkt., ECF No. 8.)

More than a year later, on December 2, 2014, Petitioner filed a letter with the court stating that his withdrawal was a mistake, and what he had intended to do was move for a stay. (Prior

1

Dkt., ECF No. 9.) In the letter, he informed the court that he received the order deeming the petition withdrawn on July 9, 2013 and filed a motion to correct an illegal sentence with the state court on July 19, 2013. (*Id.* at 1.) According to Petitioner, that motion was denied on December 30, 2013. (*Id.*) Petitioner alleges that he appealed that denial and that the appeal was pending at the time of his letter. (*Id.*) On March 7, 2016, Petitioner moved to reopen the case. (Prior Dkt., ECF No. 11.) The instant Petition, dated December 5, 2016, was filed on January 3, 2017.

Title 28, Section 2244 of the U.S. Code requires that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). In most cases, and in this particular case, the one-year period begins on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Based on the statutory language, the U.S. Supreme Court held that even when a defendant does not file a petition for certiorari with the U.S. Supreme Court on direct review, the Antiterrorism and Effective Death Penalty Act of 1996's ("AEDPA") one-year limitations period starts to run when the time for seeking such review expires. *Gonzalez v. Thaler*, 132 S.Ct. 641, 653-54 (2012); *Clay v. United States*, 537 U.S. 522, 532 (2003); *Gibbs v. Goodwin*, No. 09-1046, 2009 WL 1307449, at *2 (D.N.J. May 1, 2009) (citing *Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000); *Morris v. Horn*, 187 F.3d 333, 337 n. 1 (3d Cir. 1999)) (holding that the period of direct review "include[s] the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court").

However, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). In other words, while a valid state post-conviction review is pending, the one-year limitations period is

tolled. This tolling does not include any petition for writ of certiorari in the United States Supreme Court for review of a denial for post-conviction relief ("PCR"). *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 85 n.5 (3d Cir. 2013) (citing *Lawrence v. Florida*, 549 U.S. 327, 332 (2007)). If a denial of PCR is appealable in state court but an appeal was not filed, statutory tolling includes "the time during which an appeal could be filed even if the appeal is not eventually filed." *Swartz*, 204 F.3d at 424. If an out-of-time appeal is filed, even if the appeal is accepted as properly filed by the state appeals court, however, statutory tolling does not include the period between the expiration of timely appeal and when the appeal was actually filed. *Id.* at 423 n.6 ("We . . . agree that the time during which Swartz's nunc pro tunc request for allowance of appeal was pending does not toll the statute of limitation."). Overall, however, AEDPA's limitation period "does not set forth an inflexible rule requiring dismissal whenever its clock has run." *Jenkins*, 705 F.3d at 84-85 (quoting *Holland v. Florida*, 560 U.S. 631, 645 (2010)) (internal quotation marks omitted). Rather, the limitations period is subject to both statutory and equitable tolling. *Id.* at 85.

According to the Petition, Petitioner was sentenced on September 4, 2002. (ECF No. 1 at 1.) He appealed the conviction and sentence, and they were ultimately upheld when the New Jersey Supreme Court denied certification on May 3, 2005. (*Id.* at 2.) He filed an application for PCR on November 11, 2005, and it was denied on May 6, 2009. (*Id.* at 3.) The appellate court upheld the PCR denial on April 4, 2011, (*id.* at 6), and the New Jersey Supreme Court denied certification on October 18, 2011 (*id.* at 8). Based on this Court's review of the appellate court's opinion affirming PCR denial, the dates alleged in the Petition mostly match those found by the appellate court, with the exception that the PCR application was filed on March 2, 2006, not November 11, 2005. *See State v. Wise*, Indictment No. 00-11-3062, 2011 WL 1225906, at *1 (N.J.

3

Sup. Ct. App. Div. Apr. 4, 2011).[1] According to the appellate court, Petitioner's conviction and sentence were affirmed on direct appeal without remand, *id.*, so the record does not seem to support Petitioner's claim in the prior docket that there was an unresolved sentencing issue in state court.

Having summarized the procedural histories both in state court and in federal court, this Court finds that the Petition is untimely. The Petition is dated December 5, 2016, some 14 years after the original conviction and more than five years after the PCR denial became final. Thus, the only way it can be deemed timely is if the Court takes into the account the filing dates of the previous petition, in an effort to craft some sort of equitable tolling. While the previous petition was filed on May 29, 2012, Petitioner admitted that he withdrew that petition on October 26, 2012. (Prior Dkt., ECF No. 4.) He later asserted that the withdrawal was a mistake, but he did not inform the court of the mistake until more than 16 months after the order dismissing the case, even though he admitted that he received the dismissal order shortly after it was filed. Moreover, despite Petitioner's claim that there was an unresolved sentencing issue in his request to withdraw, nothing in the record supports that assertion until he filed his motion to correct an illegal sentence on July 19, 2013—10 days *after* the order dismissing the case. As such, there was almost a two-year gap between October 13, 2011, when the New Jersey Supreme Court affirmed the PCR denial, and July 19, 2013, when Petitioner filed his motion, during which nothing was pending in state court.

Given these facts, the Court finds no good cause to grant equitable tolling. At the time the previous petition was filed on May 18, 2012, that petition was already untimely. Petitioner's judgment became final on August 1, 2005—90 days after the New Jersey Supreme Court denied certification on direct appeal on May 3, 2005. According to the appellate court, he did not file a

---

[1] In addition, contrary to the Petition, the New Jersey Supreme Court denied certification on October 13, 2011, not October 18, 2011. *See State v. Wise*, 208 N.J. 369 (2011).

PCR application until March 2, 2006, causing 213 days to run from his one-year limitations period. PCR denial was final on October 13, 2011, but the previous petition was not filed until May 18, 2012, causing another 218 days to run from the limitations period. Thus, by the time the previous petition was filed, a total of 431 days had run, rendering that petition untimely.

Furthermore, because the previous petition was withdrawn, another 427 days ran for the period between the time the previous petition was filed (May 18, 2012) and when Petitioner filed his motion to correct an illegal sentence (July 19, 2013). *See Duncan v. Walker*, 533 U.S. 167, 181 (2001) ("[A]n application for federal habeas corpus review . . . [does] not toll the limitations period[.]"). Even if the Court tolls the statute of limitations from that date, on account that there was a pending motion in state court, 858 days had already run, making the instant Petition untimely. Although Petitioner asserts that the withdrawal was a mistake (of which he waited more than a year to inform the court), as the Court found above, the mistake did not change the outcome.[2] Accordingly, the Court finds that the Petition is time-barred.

In the interest of justice, within 30 days of the entry of the accompanying Order, Petitioner may move to reopen the case by presenting equitable tolling arguments, supported by documentary evidence, as to why the Petition should be deemed timely. Petitioner's motion *must* address every time gap the Court has identified herein. Petitioner may also make other arguments on timeliness as appropriate, although the Court cautions that simply asserting that he made a mistake is not a valid ground for equitable tolling.

Date: September 22, 2017

Claire C. Cecchi, U.S.D.J.

---

[2] *See Ayers v. Phelps*, 723 F. Supp. 2d 718, 722 (D. Del. 2010) ("[L]ack of legal knowledge or miscalculation regarding the . . . filing period" does not excuse an untimely filing); *Covert v. Tennis*, No. 06-421, 2008 WL 4861449, at *5 (M.D. Pa. Nov. 7, 2008) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing.").