NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JEFFREY WISE, | Civil Action No. 17-0059 (CCC) |
| Petitioner, | |
| v. | **MEMORADUM OPINION** |
| CHARLES WARREN, et al., | |
| Respondents. | |

**CECCHI, District Judge.**

This matter has come before the Court on a Petition for Writ of Habeas Corpus by Petitioner Jeffrey Wise pursuant to 28 U.S.C. § 2254. The Court previously dismissed the Petition as time-barred. (ECF No. 6.) However, the dismissal was without prejudice, and the Court allowed Petitioner 30 days to submit arguments as to why the Petition should be construed as timely. (*Id.*) Presently before the Court is Petitioner's response. (ECF No. 7.)

In the Court's previous Opinion, the Court noted that Petitioner had filed an earlier § 2254 petition not before this Court (the "2012 court") in *Wise v. Warren*, No. 12-3162 (D.N.J. filed May 29, 2012) ("Prior Dkt."), which he voluntarily withdrew. (ECF No. 5 at 1.) The Court found the instant Petition untimely, because (1) Petitioner is not entitled to the original filing date of his 2012 petition as it was voluntarily withdrawn; and (2) regardless, Petitioner's statute of limitations expired even before he filed his 2012 petition. (*Id.* at 4-5.)

Petitioner challenges both of those findings. First, he asserts that his state application for post-conviction relief ("PCR") was filed on November 25, 2005, not March 2, 2006 as the Court found in its previous Opinion, which would have made his 2012 petition timely. (ECF No. 7 at

2.) He argues that the March 2, 2006 date, which was the date the state court held that the PCR application was filed, was erroneous, because he had mailed his PCR application on November 25, 2005. (*Id.*) However, unlike the Third Circuit, *see Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 n.2 (3d Cir. 2013), New Jersey state courts have never explicitly adopted the mailbox rule, so it is unclear whether the November 25, 2005 date mattered for the purposes of his PCR application. *See Campbell v. New Jersey*, No. 16-3086, 2017 WL 5593778, at *2 (D.N.J. Nov. 21, 2017) ("It appears [that] the New Jersey Supreme Court has not determined whether to apply the prisoner mailbox rule to PCR petitions."). Regardless, the Court need not address this argument because the Court rejects Petitioner's second argument regarding his voluntary withdrawal.

Petitioner argues that his one-year limitations period should be equitably tolled between the filing date of his 2012 petition and the filing date of the instant Petition, because he was misled by the 2012 court into withdrawing his petition. Specifically, he asserts that the notice given to him by the 2012 court pursuant to *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000), led him to believe that he could withdraw his petition and return to state court to adjudicate additional claims. He cites to *Graf v. Moore*, 214 F. App'x 253 (3d Cir. 2007), to support his argument.

Petitioner's reliance on *Graf* is misplaced. In *Graf*, the petitioner had filed a mixed petition containing both exhausted and unexhausted claims, which the district court properly dismissed without prejudice. 214 F. App'x at 255; *see Rhines v. Weber*, 544 U.S. 269, 273 (2005) (federal courts are barred from adjudicating mixed petitions). In the dismissal, the district court informed the petitioner that he "will have the options of exhausting his unexhausted claims in state court, and then refiling all claims as a federal habeas petition; or of omitting his unexhausted claims and refiling his federal petition immediately." *Graf*, 214 F. App'x at 255. After exhausting state court

remedies on his unexhausted claims, the petitioner filed a second habeas petition, which the district court denied as time-barred, because the petitioner's limitations period expired during the pendency of his first federal habeas petition. *Id.* The district court acknowledged that it was aware of this timeliness issue when it dismissed the first petition, but nevertheless, because statutory tolling does not apply to federal habeas petitions, *see Duncan v. Walker*, 533 U.S. 167, 181 (2001) ("[A]n application for federal habeas corpus review . . . [does] not toll the limitations period[.]"), the second petition was untimely. *Graf*, 214 F. App'x at 255. The district court denied equitable tolling. *Id.*

The Third Circuit reversed, finding the denial of equitable tolling erroneous. *Id.* at 256. The court focused on the district court's conduct in sending the petitioner back to state court, even though it was aware that such action would bar him from filing a second federal habeas petition. *Id.* at 256-57. Essentially, the *Graf* court found that the petitioner was misled by the district court. Indeed, this is consistent with the Supreme Court's directive in *Rhines*, which held that "it likely would be an abuse of discretion for a district court" to return a petitioner to state court without staying his federal habeas case instead of dismissal, if it finds that good cause exists to excuse the petitioner's failure to exhaust. 544 U.S. at 278.

None of the above have any applicability to the instant matter. To begin, the 2012 court did not send Petitioner back to state court; he did so on his own. While he argues that the 2012 court's *Mason* notice misled him, the Court has reviewed that notice, and nowhere in the notice did the 2012 court state that returning to state court was a potential option. (*See* Prior Dkt., ECF No. 2.) There was also no mention of any unexhausted claims. Instead, the notice simply informed Petitioner that he must raise all of his claims in one petition, and if the initial petition filed did not contain all claims, he may refile a new one within 45 days. (*Id.* at 2-3.) Indeed, there is no evidence

3

that the 2012 court was aware of any unexhausted claims in the first instance. Instead, the record indicates it was Petitioner who raised the issue of unexhausted claims, and chose to withdraw his 2012 petition without recognizing the consequences on timeliness. (*See* Prior Dkt., ECF No. 4 at 1.)

As the Court held in its previous Opinion, "lack of legal knowledge or miscalculation regarding the . . . filing period" does not excuse an untimely filing. *Ayers v. Phelps*, 723 F. Supp. 2d 718, 722 (D. Del. 2010). "[I]gnorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." *Covert v. Tennis*, No. 06-421, 2008 WL 4861449, at *5 (M.D. Pa. Nov. 7, 2008). Contrary to Petitioner's contention, the 2012 court did not mislead him. It allowed him to refile a new petition containing all claims within 45 days of its order, which he did not do. Instead, he withdrew his petition due to his own belief that he had unexhausted claims, unprompted by the 2012 court. To the extent he argues that the 2012 court should have informed him of the consequences of such withdrawal, *Graf* itself held that district courts have no obligation to do so. 214 F. App'x at 256 (citing *Piller v. Ford*, 542 U.S. 225, 233 (2004)); *see Urcinoli v. Cathel*, 546 F.3d 269, 277 (3d Cir. 2008) (finding that a court need not "warn a petitioner that his chosen approach was unwise"). As the Court cautioned in its previous dismissal, "simply asserting that he made a mistake is not a valid ground for equitable tolling." (ECF No. 5 at 5.) The record shows that was exactly what occurred in the 2012 matter—Petitioner made a mistake. That is not a valid ground for equitable tolling. *See Piller*, 542 U.S. at 233-34 (finding there is a material difference between a course of action forced by the district court and one that was voluntarily taken by the petitioner). Accordingly, having afforded Petitioner an opportunity to respond to the timeliness issue, the Court now dismisses the Petition *with prejudice* as time-barred.

Lastly, the Court denies a certificate of appealability. Federal law provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), the United States Supreme Court held that

> [w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Here, the Court denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c) because jurists of reason would not find it debatable that dismissal of the Petition is correct.

Date: May 31, 2018

Claire C. Cecchi, U.S.D.J.